NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLYN TURNOFSKY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROCORE, INC. *et al.*,<br><br>Defendants. | Civ. No. 19-18400<br><br>OPINION |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter comes before the Court upon the Motions to Consolidate, Appoint Lead Plaintiff, and Approve Lead and/or Liaison Counsel filed by Plaintiff Brian R. Garcia (ECF No. 3), Plaintiff Erwin Yuson (ECF No. 4), Plaintiffs James Priewe and Justin Priewe (the "Priewe Investor Group") (ECF No. 5), and Plaintiff Carole Tibbs (ECF No. 6) (collectively, "Moving Plaintiffs"). Plaintiffs Brian Garcia and Carole Tibbs filed Oppositions (ECF Nos. 10, 11) and Replies (ECF Nos. 13, 14). The Court has decided this matter based upon the written submissions of Moving Plaintiffs and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Moving Plaintiffs' Motions to Consolidate are moot, Plaintiff Brian Garcia's Motions to Appoint Lead Plaintiff and Approve Lead and Liaison Counsel (ECF No. 3) are denied, Plaintiff Erwin Yuson's Motions to Appoint Lead Plaintiff and Approve Lead Counsel (ECF No. 4) are moot, Plaintiff Priewe Investor Group's Motions to Appoint Lead Plaintiff and Approve Lead Counsel (ECF No. 5) are denied, Plaintiff Carole

1

Tibbs' Motion to Appoint Lead Plaintiff (ECF No. 6) is granted in part and denied in part, and Plaintiff Carole Tibbs' Motion to Approve Lead Counsel (ECF No. 6) is granted.

## BACKGROUND

### I.   Factual Background

This is a securities class action. Defendant electroCore, Inc. ("electroCore") is a bioelectronics medicine company whose lead product, gammaCore, is used for acute treatment of pain associated with migraine and episodic cluster headaches. (Compl. ¶ 2, ECF No. 1.) In June 2018, Defendant electroCore filed its Prospectus as part of its Registration Statement with the Securities and Exchange Commission. (*Id.* ¶ 3.) In its Initial Public Offering ("IPO"), Defendant electroCore sold 5,980,000 shares of common stock at $15.00 per share, raising approximately $79.5 million. (*Id.*) In May 2019, Defendant electroCore reported that it had an operating loss of $14.2 million in its first quarter. (*Id.* ¶ 4.) Defendant electroCore's share price fell nearly thirty percent the next day. (*Id.* ¶ 5.) On September 25, 2019, Defendant electroCore revealed that the U.S. Food and Drug Administration ("FDA") requested additional information and analysis of clinical data for Defendant electroCore's FDA submission seeking expanded use of gammaCore. (*Id.* ¶ 6.) Defendant electroCore's share price fell over twenty-three percent that day. (*Id.* ¶ 7.)

In the Complaint, Plaintiff Allyn Turnofsky alleges that Defendant electroCore's Registration Statement was false, misleading, and omitted material, adverse facts about Defendant electroCore's business. (*Id.* ¶¶ 9, 37–59, 66–68.) Plaintiff Turnofsky also brings claims against underwriters of Defendant electroCore's IPO, as well as officers of Defendant electroCore who signed or authorized the Registration Statement. (*Id.* ¶¶ 17–35.) Plaintiff Turnofsky defines the putative class as "all persons and entities that purchased or otherwise acquired . . . [Defendant] electroCore common stock issued in connection with [Defendant]

2

electroCore's IPO . . . between June 22, 2018 and September 25, 2019 [(the "Class Period")] . . . and who were damaged thereby" (the "Class"). (*Id.* ¶ 60.)

Plaintiff Turnofsky alleges four counts: (1) violation of § 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k (Compl. ¶¶ 78–86); (2) violation of § 15 of the Securities Act, 15 U.S.C. § 77o (Compl. ¶¶ 87–91); (3) violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j-2, and 17 C.F.R. § 240.10b-5 (Compl. ¶¶ 92–102); and (4) violation of § 20(a) of the Exchange Act, 15 U.S.C. § 78t-1 (Compl. ¶¶ 103–106).

**II.     Procedural History**

On September 26, 2019, Plaintiff Turnofsky filed the Complaint. (ECF No. 1.) On November 25, 2019, Moving Plaintiffs each filed Motions to Consolidate this case with *Priewe v. electroCore, Inc.*, Civ. No. 19-19653; Appoint a Lead Plaintiff; and Approve Selection of Lead Counsel and/or Liaison Counsel. (ECF Nos. 3, 4, 5, 6.) Plaintiffs Carole Tibbs and Shirley Stone (collectively, the "Bragar Group") filed one set of these Motions together as a group. (ECF No. 6.) On December 3, 2019, Plaintiff Shirley Stone submitted a Notice to the Court withdrawing her request to serve as lead plaintiff, adding, "Nothing herein shall affect the motion by co-movant Carole Tibbs." (Stone Notice of Withdrawal at 1, ECF No. 7.) The Bragar Group's counsel later explained that "[Plaintiff] Stone has . . . withdrawn . . . because she is pursuing a state action against [D]efendant electroCore." (Tibbs Opp'n at 2, ECF No. 11.)[1] On December 23, 2019, Plaintiff Erwin Yuson withdrew his Motion. (Yuson Notice of Withdrawal at 1, ECF No. 8.) On the same day, Plaintiff Priewe Investor Group submitted a Notice indicating that it

---

[1] Plaintiff Garcia clarified that Plaintiff Stone was a plaintiff in a state action pursuing similar claims at the time Plaintiffs Tibbs and Stone filed their Motions in the present action. (*See* Garcia Reply at 6–7, ECF No. 13.)

3

did not oppose the other Moving Plaintiffs' Motions because "[Plaintiff] Priewe Investor Group does not appear to have the largest financial interest in this action within the meaning of the [Private Securities Litigation Reform Act]." (Priewe Notice of Non-Opposition at 3, ECF No. 9.)

## **LEGAL STANDARD**

The Private Securities Litigation Reform Act ("PSLRA") establishes a two-step process for appointing a lead plaintiff in federal securities class actions: "the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)–(II)). The "most adequate plaintiff" to represent the class is the plaintiff that

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 77z-1(a)(3)(B)(iii)(I). The Third Circuit has directed district courts to consider the following in assessing which movant has the "largest financial interest in the relief sought by the class": "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant*, 264 F.3d at 262. Courts in the Third Circuit have accorded the greatest weight to the third factor. *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (collecting cases). The presumption in favor of appointing a lead plaintiff may only be rebutted upon proof that the lead plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff

4

incapable of adequately representing the class." § 77z-1(a)(3)(B)(iii)(II).

**DISCUSSION**

**I.     Motions to Consolidate**

Each Moving Plaintiff moved to consolidate this case with *Priewe v. electroCore, Inc.*, Civ. No. 19-19653. (Garcia Br. at 5–6, ECF No. 3-1;[2] Yuson Br. at 5–6, ECF No. 4-2; Priewe Investor Grp. Br. at 4–6, ECF No. 5-2; Tibbs Br. at 6–7, ECF No. 6-2.) *Priewe v. electroCore, Inc.* was voluntarily dismissed on February 19, 2020. (Civ. No. 19-19653, ECF Nos. 5, 6.) Accordingly, Moving Plaintiffs' Motions to Consolidate are moot.

**II.    Motions to Appoint Lead Plaintiff**

Plaintiff Yuson withdrew his Motion to Appoint Lead Plaintiff. (Yuson Notice of Withdrawal at 1.) Plaintiff Priewe Investor Group filed a Notice of Non-Opposition, conceding that it did not have the largest financial interest in this action. (Priewe Notice of Non-Opposition at 3.) Therefore, the Court will consider Plaintiff Garcia's and Plaintiff Tibbs' Motions to Appoint Lead Plaintiff.

    A.     *Presumptive Lead Plaintiff*

        1.     <u>Motion in Response to Notice</u>

Under the PSLRA, plaintiffs must publish a notice advising members of the purported class about the action and claims within twenty days after the complaint is filed. § 77z-1(a)(3)(A)(i)(I). Within sixty days after publication of the notice, any member of the purported class may move to serve as lead plaintiff of the class. § 77z-1(a)(3)(A)(i)(II). The notice in this

---

[2] The page numbers to which the Court refers when citing this document are the CM/ECF page numbers.

case was published on September 26, 2019. (Notice at 5, Ex. A, ECF No. 3-2.)[3]

Both Plaintiff Garcia and Plaintiff Tibbs properly moved to be appointed lead plaintiff under the PSLRA. Plaintiff Garcia submits that Plaintiff Tibbs initially requested to be appointed as a group, rather than as an individual. (Garcia Opp'n at 9–10, ECF No. 10.) Plaintiff Stone, however, subsequently withdrew from the Bragar Group's Motion. (ECF No. 7.) This Court has granted a motion to appoint a group as lead plaintiff where an individual in the group has withdrawn from consideration. *See In re Milestone Sci. Secs. Litig.*, 183 F.R.D. 404, 406 n.1 (D.N.J. Oct. 22, 1998) (noting that, after one individual withdrew from a group moving for lead plaintiff status, "[i]n all other respects, the Motion remain[ed] unchanged"). This Court has also granted a motion to appoint a lead plaintiff where the identity of the initial movant has otherwise been altered after the PSLRA's sixty-day deadline. *See In re Able Labs. Secs. Litig.*, 425 F. Supp. 2d 562, 570–71 (D.N.J. Apr. 3, 2006) (allowing two movants, each of whom filed separate motions and certifications within the sixty-day deadline, to unite and be appointed lead plaintiff as a group after the deadline). Therefore, both Plaintiffs Garcia and Tibbs timely moved to be appointed lead plaintiff.

    2.    <u>Largest Financial Interest</u>

Under the considerations enumerated in *In re Cendant*, Plaintiff Tibbs has a larger financial interest than Plaintiff Garcia. First, Plaintiff Tibbs purchased more shares than Plaintiff Garcia during the putative Class Period. (*Compare* Eagel Decl. Ex. B, ECF No. 6-5 (indicating that Plaintiff Tibbs purchased and retained 5,633 shares), *with* Ecklund Decl. Ex. C, ECF No. 3-2 (indicating that Plaintiff Garcia purchased 2,500 shares and sold them in May 2019).) Second,

---

[3] The page numbers to which the Court refers when citing this document are the CM/ECF page numbers.

Plaintiff Tibbs spent more on shares during the Class Period than did Plaintiff Garcia. (*Compare* Eagel Decl. Ex. B (indicating that Plaintiff Tibbs purchased her shares for $88,746.00), *with* Ecklund Decl. Ex. C (indicating that Plaintiff Garcia purchased his shares for $26,288.50).) Third, Plaintiff claims greater losses than Plaintiff Tibbs. (*Compare* Eagel Decl. Ex. B (indicating that Plaintiff Tibbs claims losses of $70,018.19 under § 11 of the Securities Act and $78,268.62 under § 10(b) of the Exchange Act), *with* Ecklund Decl. Ex. C (indicating that Plaintiff Garcia claims losses of $21,132.38 under § 11 of the Securities Act and $21,661.50 under § 10(b) of the Exchange Act).)[4] Therefore, Plaintiff Tibbs has the largest financial interest in the relief sought by the Class.

        3.     Rule 23 Requirements

Plaintiff Tibbs also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Members of a class may sue or be sued as representative parties on behalf of all members only if (1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

When considering a motion to appoint a lead plaintiff, a court's inquiry into whether a

---

[4] Under the PSLRA, damages are calculated based on (a) the difference between the purchase price paid for the shares and the mean trading price of the shares during the 90-day period beginning on the date on which the information correcting the alleged misstatement or omission was disseminated to the market, or (b) the difference between the purchase price paid for the shares and the mean trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold or repurchased its shares, if the plaintiff sold or repurchased its shares before the expiration of the 90-day period. 15 U.S.C. § 78u-4(e).

movant satisfies the requirements of Rule 23 is "confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *In re Cendant*, 264 F.3d at 263. "[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id.* at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)). Plaintiff Tibbs, like other members of the Class, acquired Defendant electroCore securities during the Class Period and alleges that she suffered damages because of materially false and misleading statements. (*See* Eagel Decl. Ex. B; Tibbs Br. at 14.) Therefore, Plaintiff Tibbs satisfies the typicality requirement of Rule 23(a).

Plaintiff Tibbs also satisfies Rule 23(a)'s adequacy requirement. "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Cendant*, 264 F.3d at 265 (citing *Hassine*, 846 F.2d at 179). Courts also assess whether the movant has demonstrated an ability to select competent Class counsel. *Id.* The Court has no reason to believe that Plaintiff Tibbs would not have the ability and incentive to represent the claims of the Class vigorously, that Plaintiff's chosen counsel would be inadequate, or that there would be any conflict between Plaintiff Tibbs' claims and those asserted on behalf of the Class.

Plaintiff Garcia's argument that the Bragar Group, comprising Plaintiffs Tibbs and Stone, would be inadequate as lead plaintiff is moot because, as of December 3, 2019, Plaintiff Tibbs seeks to be appointed lead plaintiff as an individual. (*See* Garcia Opp'n at 2–8; Stone Notice of

Withdrawal at 1.) Plaintiff Garcia argues that Plaintiff Tibbs would be inadequate because counsel for the Bragar Group filed a false certification stating that Plaintiff Stone had "not served as a representative party on behalf of a class under this title during the last three years," even though she was serving as a plaintiff in a state lawsuit pursuing similar claims against Defendant electroCore. (*See* Garcia Opp'n at 7.) Plaintiff Garcia adds that Plaintiff Tibbs would be inadequate because of her "lack of oversight with respect to the Bragar Group's lead plaintiff motion and the subsequent 'withdrawal' of [Plaintiff] Stone due to her pursuit of similar claims in state court." (Garcia Reply at 5–6.) However, because Plaintiff Stone was not serving as a representative party under the PSLRA, Plaintiff Stone's certification was not false. Moreover, the Court does not view Plaintiff Stone's inclusion in and subsequent withdrawal from the Bragar Group as disqualifying Plaintiff Tibbs from serving as lead plaintiff. Therefore, Plaintiff Tibbs is the presumptive lead plaintiff.

      B.     *Rebuttal of Presumption*

Plaintiff Garcia is unable to rebut the presumption favoring appointment of Plaintiff Tibbs as lead plaintiff. Plaintiff Garcia has not demonstrated that Plaintiff Tibbs will not fairly and adequately protect the interests of the Class, nor that Plaintiff Tibbs is subject to unique defenses that would render her incapable of doing so. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). As stated previously, whether the members of the Bragar Group should be appointed collectively as lead plaintiff is moot; Plaintiff Stone withdrew from the Bragar Group's Motion. (ECF No. 7.) Moreover, to the extent that filing a false certification might be relevant to Plaintiff Tibbs' ability to adequately represent the Class or select competent Class counsel, the Court has established that Plaintiff Stone's declaration about her lack of previous service as a representative party under the PSLRA was not false. *See supra* Section II.A.3.

Plaintiff Garcia cites *Steamfitters Local 449 Pension Fund v. Central European Distribution Corporation*, 2012 WL 3638629 (D.N.J. Aug. 22, 2012), in support of his argument that Plaintiff Tibbs is subject to unique defenses. In *Steamfitters*, this Court ruled that a group that had moved to be appointed lead plaintiff was subject to unique defenses regarding some of its members' lack of standing. 2012 WL 3638629, at *9–11. The Court further concluded that subsidiaries of the group, who would have otherwise had standing, could not be appointed lead plaintiff because they, too, were subject to a unique defense: they did not timely file a motion to be appointed lead plaintiff before the PSLRA's sixty-day deadline. *Id.* at *12. The Court reasoned that "[t]he first indication that the [group] was moving to appoint some, but not all, of its entities came . . . in the [group's] Reply . . . ." *Id.* at *11. The Court then explained that the group's certification did not make the declarations required under 15 U.S.C. § 78u-4(a)(2) on behalf of the subsidiaries. *Id.* at *12.

*Steamfitters* is distinguishable from the present case for three reasons. First, other persuasive precedent suggests that Plaintiff Tibbs can properly be considered an individual movant, even though Plaintiffs Tibbs and Stone initially filed their Motion as a group. *See supra* Section II.A.1. Second, unlike the movant's counsel in *Steamfitters*, the Bragar Group's counsel notified the Court and the other Moving Plaintiffs about Plaintiff Stone's withdrawal on December 3, 2019, twenty days before the Moving Plaintiffs' deadline to file Opposition briefs. (ECF No. 7.) Third, unlike the subsidiaries in *Steamfitters*, Plaintiffs Tibbs and Stone filed separate certifications making the required declarations under the PSLRA. (*See* Certifications at 1–4, ECF No. 6-4.) Therefore, Plaintiff Tibbs is not subject to unique defenses that would render her inadequate to represent the Class. Because Plaintiff Garcia has not rebutted the presumption that Plaintiff Tibbs should serve as lead plaintiff, the Court grants Plaintiff Tibbs' Motion to

Appoint Lead Plaintiff to the extent that it seeks to appoint Plaintiff Tibbs as lead plaintiff, and denies the Motion to the extent that it once also sought to appoint Plaintiff Stone as lead plaintiff.

### III. Motions to Approve Selection of Counsel

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In making its determination regarding approval of counsel, courts consider

> (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel.

*In re Cendant*, 264 F.3d at 276 (citation omitted). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Id.* Plaintiff Tibbs' chosen counsel has experience litigating securities class actions. (*See* Bragar Firm Resume at 2–3, ECF No. 6-8.) Therefore, the Court approves Plaintiff Tibbs' selection of Bragar Eagel & Squire, P.C. as Lead Counsel.

### CONCLUSION

For the foregoing reasons, Moving Plaintiffs' Motions to Consolidate are moot, Plaintiff Brian Garcia's Motions to Appoint Lead Plaintiff and Approve Lead and Liaison Counsel (ECF No. 3) are denied, Plaintiff Erwin Yuson's Motions to Appoint Lead Plaintiff and Approve Lead Counsel (ECF No. 4) are moot, Plaintiff Priewe Investor Group's Motions to Appoint Lead Plaintiff and Approve Lead Counsel (ECF No. 5) are denied, Plaintiff Carole Tibbs' Motion to Appoint Lead Plaintiff (ECF No. 6) is granted in part and denied in part, and Plaintiff Carole

Tibbs' Motion to Approve Lead Counsel (ECF No. 6) is granted. An appropriate Order will follow.


Date: <u>April 24, 2020</u>                                              <u>*/s/ Anne E. Thompson*     </u>
                                                                          ANNE E. THOMPSON, U.S.D.J.